UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**13-80109-CR-HURLEY/HOPKINS**

CASE NO. _____

18 U.S.C. § 1349

UNITED STATES OF AMERICA

v.

IRIS ROCA,

    **Defendant.**
_____/

## INFORMATION

The United States Attorney charges:

### GENERAL ALLEGATIONS

At all times relevant to this Information:

1.     Iris Roca was a licensed massage therapist in the State of Florida.

2.     Universal Rehab Med Group, Inc. ("Universal") was a clinic located at 2925 10th Avenue North, Unit 201C, Palm Springs, Florida, in Palm Beach County, in the Southern District of Florida, that purportedly offered chiropractic and massage therapy services for persons who suffered injuries in automobile accidents.

3.     Florida was a "no-fault" insurance state, which required every driver to maintain insurance. Under the "Florida Motor Vehicle No-Fault Law," Fl. Stat. §§ 627.730-627.7405, by requiring all drivers to maintain insurance, persons who were injured had recourse to "medical, surgical, funeral, and disability insurance benefits without regard to fault, . . . and, with respect to motor vehicle accidents, a limitation [is imposed] on the right to claim damages for pain, suffering, mental anguish, and inconvenience." Fl. Stat. § 627.731. The required insurance had to include personal injury protection ("PIP") to the named insured, relatives residing in the same household, persons operating the insured vehicle, passengers in the vehicle, and other persons struck by the

vehicle who suffered bodily injury while not occupants of another vehicle to a limit of $10,000 for each such person as a result of bodily injury, sickness, disease, or death. Fl. Stat. § 627.736(1).

4. Under Florida law, the insurance provider was required to pay PIP benefits of up to $10,000 each for "accidental bodily injury" sustained by the vehicle owner and all occupants of the vehicle due to the accident. Fl. Stat. § 627.736(4)(e). The majority of those PIP benefits were paid for medical benefits that, by law, were required to cover "[e]ighty percent of all reasonable expenses for medically necessary medical, surgical, x-ray, dental, and rehabilitative services . . . that are lawfully provided, supervised, ordered, or prescribed" by a licensed physician, licensed dentist, or licensed chiropractic physician, or that are provided by certain other approved providers, including entities wholly-owned by licensed chiropractic physicians. Fl. Stat. § 627.736(1)(a). Except in limited instances, Florida law further required that insurers pay these PIP benefits within 30 days of receipt of the claim. If an insurer failed to do so, the insurer was required to pay interest on the claim. Fl. Stat. § 627.736(4)(b), (d).

## COUNT 1
### Conspiracy to Commit Mail Fraud

5. Paragraphs 1 through 4 of the "General Allegations" section of this Information are re-alleged and incorporated herein.

6. From at least as early as November 2009, the exact date being unknown, through in or around March 2011, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**IRIS ROCA,**

did knowingly and willfully combine, conspire, confederate, agree, and reach a tacit understanding with persons known and unknown to commit the offense of mail fraud, in violation of Title 18, United States Code, Section 1341.

## OBJECT OF THE CONSPIRACY

7. It was the object of the conspiracy for the defendant to unlawfully enrich herself by submitting and causing to be submitted fraudulent PIP claims for chiropractic and massage therapy treatments for individuals who had participated in automobile accidents, some of which were staged.

## MANNER AND MEANS OF THE CONSPIRACY

8. The manner and means by which the defendant sought to accomplish the object of the conspiracy included, among other things, the following:

(a) The defendant's co-conspirators would recruit individuals to participate in staged automobile accidents, and would instruct participants on how to conduct accidents, what to tell responding police officers, how to collect police reports, and what clinic to go to for treatment, even though the participants did not need treatment; the members of the conspiracy also recruited individuals who had been in automobile accidents but who did not suffer any injuries to go to the clinics for unnecessary treatment in exchange for money.

(b) The defendant and her co-conspirators prepared fraudulent insurance documentation for chiropractic and massage therapy treatments for the accident participants, that is, the documentation falsely stated that the treatments were medically necessary and the patients had received the treatments when, in truth and in fact, the treatments were not necessary and, in most instances, were never received.

(c) The defendant and her co-conspirators prepared fraudulent PIP Automobile Insurance Claims, that is, the claims falsely stated that the charges had been incurred for massage therapy and chiropractic therapy treatments that were medically necessary and that the patients had received, when, in truth and in fact, the accident participants neither needed nor, in most instances, received the claimed treatments, and the defendant and her co-conspirators submitted these claims to various automobile insurance companies via the United States Mail.

(d)     The defendant and her co-conspirators instructed the accident participants on what to say to insurance company representatives and independent medical examination ("IME") physicians to make it appear as though the accident participants had actually needed and received therapy treatments when, in truth and in fact, they had not.

(e)     Upon receiving the reimbursements from the automobile insurance companies via the United States Mail, the defendant's co-conspirators would cause the checks to be deposited into bank accounts controlled by themselves, and then withdraw the proceeds in cash, which would be used to pay the recruiters and accident participants, and to enrich themselves.

All in violation of Title 18, United States Code, Section 1349.

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
A. MARIE VILLAFAÑA
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

IRIS ROCA,

               **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

____ Miami    ____ Key West
____ FTL    _X_ WPB    ____ FTP

New Defendant(s)     Yes ____    No ____
Number of New Defendants ____
Total number of counts ____

I do hereby certify that:

1. I have carefully considered the allegations of the information, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    Yes
   List language and/or dialect    Spanish

4. This case will take    _4-5_    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | _X_ |
   | II | 6 to 10 days | ____ |
   | III | 11 to 20 days | ____ |
   | IV | 21 to 60 days | ____ |
   | V | 61 days and over | ____ |

   (Check only one)

   | | |
   |---|---|
   | Petty | ____ |
   | Minor | ____ |
   | Misdem. | ____ |
   | Felony | _X_ |

6. Has this case been previously filed in this District Court? (Yes or No)    No
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    No
   If yes:
   Magistrate Case No.    N/A
   Related Miscellaneous numbers:    N/A
   Defendant(s) in federal custody as of    N/A
   Defendant(s) in state custody as of    N/A
   Rule 20 from the    N/A    District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes    _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes    _X_ No

 

                                         _____
                                         A. MARIE VILLAFAÑA
                                         ASSISTANT UNITED STATES ATTORNEY
                                         Florida Bar No. 0018255

*Penalty Sheet(s) attached                                                                       REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: <u>Iris Roca</u>

Case No.: _____

Count 1:

    <u>18 U.S.C. § 1349</u>

    <u>Conspiracy to commit mail fraud</u>

*Max. Penalty: <u>20 Years' Imprisonment; 3 years' Supervised Release; $250,000 or twice the gross gain or gross loss.</u>

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

Count:

*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

REV. 12/12/96